IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAUL PIECHOCKIE § | |
| § | |
| v. § | NO. 1:19-cv-0582 LY |
| § | |
| ROGER BEASLEY IMPORTS, INC. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the Plaintiff's Motion for Attorney's Fees and Costs (ECF 15), Roger Beasley Import Inc.'s Response in Opposition (ECF 16), and Plaintiff's Reply (ECF 17). The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules.

**Background**

This is a case brought under the Fair Labor Standards Act, seeking damages based upon the allegation that Roger Beasley failed to pay Piechockie the minimum wage for his work for Roger Beasley during a two month period in 2019. Shortly after suit was filed, Roger Beasley served an Offer of Judgment on Piechockie, as provided for in Federal Rule of Civil Procedure 68. The proposal offered to settle for a payment by Beasley to Piechockie in "the amount of $1,129.50 plus costs accrued to date and reasonable and necessary attorney fees as determined by the Court." ECF 13 at 3. Piechockie accepted the offer, and Judgment was entered consistent with it on December 18, 2019. Thereafter, Piechockie filed the instant motion seeking the determination and award of attorney's fees and costs, consistent with the offer of judgment. He asks for $3,470.00 in attorney's

fees and $479.50 in costs.  Beasley opposes the request as inflated, and asks that the Court "deny or substantially reduce" the amount.

**Discussion**

There is no dispute regarding the applicable law, and that law is well settled, so the Court will not repeat it here.[1]  What is disputed is whether the amount of time Piechockie's counsel spent working on the case was reasonable, and whether an award of $3,470.00 in fees is justified when the damages awarded were less than a third of that amount, and the unpaid wages less than a sixth of it.

Roger Beasley first argues that the Court should deny any fees given that Piechockie never complained of underpayment while employed, and chose not to give pre-suit notice of his claim, either of which Roger Beasley contends would have avoided the expenditure of fees by either party. As explained in the Offer of Judgment, the manner in which Roger Beasley calculated the $1,129.50 it offered was based on calculations (which it claims "made every assumption in Mr. Piechocki's favor") showing a total wage underpayment of only $564.75.  ECF 13 at 3-4.[2]  Roger Beasley argues that had it been given the opportunity to resolve the issue before suit, it would have, which would have either eliminated, or significantly reduced, the attorney's fees Piechockie had to incur. Piechockie responds that he is not required to give pre-suit notice, and Beasley is attempting to re-write the FLSA.  ECF 17 at 2.

---

[1] For a statement of the relevant principles, see the Order (ECF 106) entered in *Stockade Co. LLC, et al. v. Kelly Restaurant Grp. LLC, et al.*; No. 1:17-cv-143 RP (June 15, 2018, W.D. Tex.).

[2] The $1,129.50 figure was based on adding in the actual amount again to cover statutory liquidated damages.  Beasley insists it acted in good faith and would have been able to prove that at trial, but included liquidated damages in its Offer in the interest of resolving the case quickly.

Though the Court is somewhat sympathetic to Roger Beasley's position, as it has expressed with regard to a spate of suits filed several years ago under the ADA (*see, e.g., Deutsch v. Travis County Shoe Hosp.*, 2016 WL 5317199 at *9 (W.D. Tex. Sep. 21, 2016)), the situation here is not as aggravated as it was in those cases, and Piechockie is correct that the FLSA does not require pre-suit notice. At the same time, Plaintiff's counsel no doubt is aware that he is more likely to recover fees, and recover larger fees, if he files suit instead of sends a demand letter, and the Court will take this factor into account in its analysis of the appropriate amount of fees to award.

Roger Beasley next contends that the requested $3,470.00 in attorney's fees is excessive, noting that "[b]efore the offer of settlement, Plaintiff filed a 4-page complaint, a 2-page certificate of parties and a 2-page request for citation. The Parties exchanged fewer than a dozen emails and spoke on the phone twice." ECF 16 at 2. It also notes that the attorney work involved was not complex, and was effectively "form-based filings" completed by a partner who billed at $400 per hour, when the firm has associates who could have done the work. *Id.* Piechockie's counsel does not respond to this argument, and the Court finds it persuasive. It seems obvious that a suit with less than $600 in actual damages does not justify having one of the attorneys with the highest billing rates in the firm handle it, but instead is the very sort of case a first year associate could easily handle. And the case did not involve any unusual or novel FLSA issue, but was a straight minimum wage dispute. Further, though the Court agrees that a worker is entitled to be paid the wages the law requires, and that not being so paid is more than a "nuisance," that does not change the fact that a suit for $600 is a "nuisance" lawsuit from the defendant's standpoint, in that the cost of presenting what the defendant may believe to be a complete defense far exceeds the damages sought. This is

a prime example of such a suit.  And when there is such a suit, an attorney seeking fees for bringing such a case must demonstrate that he took pains to keep his costs in line with the damages sought.

Considering all of the above, the Court believes that both the hourly rate and the time expended in the case were not justified by the small amount of damages at issue, and that a fee of $3,470.00 would be excessive here.  Instead, the Court believes that an hourly rate of $250 per hour is the reasonable rate in this community for the very simple type of work done here.  Further, the number of hours expended, in light of the tiny damage amount at stake, was also unwarranted, and the Court will reduce those to 5.0 hours.  Reducing the hours at issue to 5.0, at the $250 per hour rate, and adding in the charges attributable to the legal assistant, results in fees of $1,400.00.  There does not appear to be any dispute regarding costs (comprised of the $400 filing fee and a $79.50 service fee).  Thus, the reasonable fees and expenses the Court recommends be awarded is $1,879.50.

### Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees and Costs (ECF 15) be **GRANTED IN PART**, and that the Plaintiff be awarded $1,400.00 in attorney's fees, and $479.50 in costs.

The Clerk is directed to remove this case from the undersigned's docket.

SIGNED this 27th day of July, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE